Sophia Cafolla, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued June 11, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*James Gardner Colins,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 27, 1976:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) denying unemployment benefits to Sophia Cafolla. Cafolla had been granted benefits by the referee, who found that she had necessitous and compelling reasons for leaving her job at the Philadelphia State Hospital.[1] The Board reversed the referee's determination, and we affirm the Board's order.

At issue before us is whether, as a matter of law, appellant carried her burden of proving that her voluntary termination of employment was for necessitous and compelling reasons. Evidence before the Board established that Cafolla's stated reason for leaving her employment was a change in her working hours from a regular to a staggered shift. Mere dissatisfaction with working hours alone will not justify a voluntary termination of employment and thus support a grant of unemployment compensation. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). Recognizing this, Cafolla sought to establish that her change in working hours was part of a program of dis-

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

crimination and harassment on the part of her supervisor, motivated by a desire to punish Cafolla for failing to comply with the supervisor's request concerning a fellow employee.[2]

The Board concluded that the appellant had failed to meet her burden of proof that her leaving work was for necessitous and compelling reasons. We agree. The testimony of Cafolla, even if accepted by the Board in its entirety, could not support, except through speculative inferences, that Cafolla was a victim of harassment. There is no doubt that Cafolla felt she was singled out to work an inconvenient shift; however, it is equally clear, and the Board so found, that the change in working hours, not any alleged harassment, was the reason Cafolla left her employment. Therefore, she has failed to establish facts bringing her within the exception to the rule denying benefits to those who terminate their employment voluntarily.

ORDER

Now, this 27th day of August, 1976, the order of the Unemployment Compensation Board of Review denying benefits to Sophia Cafolla is hereby affirmed.

---

[2] The exact nature of the alleged request is unclear from Cafolla's testimony on the record.