Ray Keiper, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Lucille Marsh,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 13, 1978:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which denied unemployment compensation to petitioner (claimant), pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law),[1] (voluntarily leaving work without cause of necessitous and compelling nature), and established a non-fault overpayment of $402.00 under Section 804(b), 43 P.S. §874(b), of the Law. We affirm.

Claimant was last employed as a truck driver and laborer at I.C.T. Excavating, Scranton, Pennsylvania. His last day of employment was September 15, 1976. On that morning he walked off the job. In his testimony he identified three reasons for quitting: (1) He felt he was not working enough hours, (2) He was being asked to drive an unlicensed truck with a defective exhaust system and (3) His employer reneged on a promise to loan him company equipment for another job over the weekend.

Claimant had qualified for partial unemployment compensation benefits beginning December 8, 1975. After quitting his job on September 15, 1976, he ap-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Section 402(b)(1) provides in part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

plied for full benefits on September 28, 1976 for the week ending September 25, 1976. The Bureau of Employment Security (Bureau) issued a determination on November 8, 1976 denying benefits to the claimant on the basis of Section 402(b)(1) and establishing a non-fault overpayment under Section 804(b). The claimant filed a timely appeal from this determination. Following a hearing held December 8, 1976 the referee issued a decision on December 17, 1976 affirming the Bureau. On December 21, 1976 the claimant appealed from this decision to the Board of Review. The Board agreed with the referee's findings of fact which were:

1. The claimant was last employed by I.C.T. Excavating for one and one-half years as a truck driver-laborer and was paid at the rate of $160.00 for a forty hour work week. His last day of work was September 15, 1976.

2. The claimant voluntarily terminated his employment when he walked off the job at 10:00 A.M. because he was dissatisfied with working conditions.

3. The claimant was disgruntled because the employer would not permit him the use of company equipment on another job over a weekend.

4. On November 8, 1976 the Bureau issued a Notice of Determination of Overpayment of Benefits . . . to which he was not entitled. He had been overpaid $42.00, plus $8.00 dependent's allowance, for compensable week ending September 18, 1976. He had also been overpaid $80.00, plus $8.00 dependent's allowance, for each of the compensable weeks ending September 25 through October 16, 1976.

Claimant maintains that the Board and the referee capriciously disregarded competent evidence in its findings of fact.

Claimant argues in his brief that he quit due to problems with the truck he drove. There is evidence in the record of the referee's hearing that this was one of at least three problems with his job which were annoying him. But it is apparent from a reading of the entire record that this was not a primary one. Indeed, claimant's own testimony in the referee's hearing reflects that. When questioned by his own counsel he was asked:

Q. Okay. But you decided to quit anyway without finding another job?

A. Yes.

Q. Was that because of the fumes in the truck or what was the reason?

A. Well because I wasn't getting my 40 hours a week and I was disgusted and I just quit.

Leaving employment over dissatisfaction with working hours does not constitute cause of a necessitous and compelling nature. *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976).

In his brief claimant says that there is not substantial evidence of record to support the conclusion of the referee and Board that claimant terminated his employment because he was unhappy that company equipment was not available to him for a private weekend job. He goes on to say, though, *in the next sentence*, claimant was indeed upset that he was unable to use a bulldozer for a job in the Poconos. The employer's representative testified, "I think Ray's biggest problem was that he got mad at me because I promised him to let him use the bulldozer. . . ."

It is the function of the Board and not this Court, to resolve questions of credibility and conflicts in testimony; the fact that there is conflicting evidence does not mean that there is no substantial evidence to support a finding. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978). The court feels that the referee and Board balanced the evidence fairly, giving proper weight and credibility where it was due.

We conclude that the Board and the referee's findings of fact that claimant voluntarily terminated his employment without a compelling and necessitous reason is based on substantial evidence. Therefore, we will enter the following

### ORDER

AND Now, October 13, 1978, the decision of the Unemployment Compensation Board of Review, No. B-141578, dated March 3, 1977, is affirmed.