Marjorie Martin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges CRUMLISH, JR., WILKINSON, JR., and CRAIG, sitting as a panel of three.

*John Stember,* for appellant.

*David R. Confer,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 26, 1979:

Marjorie Martin (Claimant) appeals a decision of the Unemployment Compensation Board of Review denying benefits on the basis of a voluntary termination without cause of a necessitous and compelling nature.[1] We affirm.

At issue is whether Board denial of a request for an additional evidentiary hearing was erroneous.

Martin worked as a cashier for Tom's Butcher Blok for seven years until her September 10, 1977 resignation. Board found that she resigned because she was dissatisfied with her work schedule, that the new hours were not onerous, that she was not unduly harassed at work, and that she was not forced to quit for health reasons.

It is argued that the record is lacking a full development of the nature of Martin's health problems as they relate to her resignation and thus that a further hearing is required.[2] A new hearing, however, is inappropriate where, as here, Claimant candidly admits that she quit because she was dissatisfied with her new work schedule[3] and where Claimant's physician states that he advised her not to quit her job even though the employment conditions were contributing to her psychological problems.

---

[1] Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] 34 Pa. Code §101.104 provides in part:

    (a) The Board may allow or disallow . . . further appeal . . .

    . . . .

    (c) . . .

    (1) Whenever the further appeal involves a material point on which the record below is silent or incomplete or appears to be erroneous.

[3] This schedule was specifically permitted by the employee's collective bargaining agreement.

Substantial evidence in the form of Claimant's testimony reveals that the quit was occasioned by the rescheduling and not by reason of health. Mere dissatisfaction with working hours will not justify a voluntary termination to support unemployment compensation. *Keiper v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 117, 391 A.2d 1146 (1978); *Cofolla v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 199, 362 A.2d 1148 (1976).

Claimant also argues, again in error, that Board failure to make a specific finding on the credibility of Claimant's physician requires a new hearing. Martin argues that Board ignored a letter from her doctor indicating that at the time of resignation she suffered emotional problems caused in part by her work environment. She contends Board's finding that she quit because of dissatisfaction with working hours was unjustified in light of the letter. This argument goes to the weight of the evidence. Board, in exercising its duty, chose to conclude that dissatisfaction with her hours, not health problems, compelled her to quit. Implicit is the inference that less weight was accorded to the physician's letter than to Claimant's admissions. The weight to be given the evidence is fully within the province of the fact finder. *Edelman v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973). No specific finding on the credibility of Claimant's physician is required.

Accordingly, we

ORDER

AND Now, this 26th day of October, 1979, the decision and order of the Unemployment Compensation Board of Review at No. B-157003 is affirmed.