Pressley Ridge School, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Robert E. Sheeder, Reed, Smith, Shaw & McClay,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 17, 1981:

The Pressley Ridge School appeals an Unemployment Compensation Board of Review decision granting benefits and holding that Patrick W. Quinn had

necessitous and compelling reason for voluntarily leaving his employment.[1] We reverse.

Quinn was employed as a night teacher-counselor at the Pressley Ridge School, a residential day school for emotionally-disturbed children. At the time of hire, Quinn was informed that work would be difficult and require being on duty some 77½ hours per week. He was not specifically informed of additional duties such as staff meetings, appointments with various sound service people, or staying with sick children during the day, sometimes requiring an average of 19 additional hours per week without additional compensation. Dissatisfied with his employment due to the additional hours he was required to work, Quinn spoke to his employer several times about another job which he thought would be better for him. However, he was informed that no alternative employment was available for him at that time.

On June 20, 1979, Quinn submitted his letter of resignation to become effective July 19, 1979.[2] This letter did not state any reason for the resignation, but a subsequent letter indicated that he had resigned because of the number of hours. The Office of Employment Security and the referee denied benefits. After a remand to augment the record, the Board reversed the denial holding that the additional hours constituted a variation in his contract for hire and thus Quinn had a necessitous and compelling reason for leaving his employment. We disagree.

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] The Board's second finding states that the claimant's letter of resignation was to become effective "June 19, 1979." However, it is clear from the record that this date should read *"July 19, 1979"* since the claimant's last day of work was July 18, 1979. This error has no effect on the outcome of the case.

This Court has held on numerous occasions that an employee who accepts a position admits the initial suitability of the work with respect to wages and conditions of employment and that, in order to be eligible for unemployment benefits after a subsequent resignation, the employee must show that the job conditions had changed or that he or she was misled by the employer as to the conditions which were later found to be objectionable. *Hazzard v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 620, 413 A.2d 478 (1980).

Although Quinn testified that he believed he would work only 77½ hours per week, we are not convinced that the record supports a conclusion that Quinn was misled by the employer at the time of hire. The record indicates that Quinn was initially aware that the schedule would be difficult, and that he worked the schedule for 8½ months. Additionally, the record reveals that the Program Director at the Pressley Ridge School sent a preemployment letter to him stating that the "[w]ork schedule is one of a continuous schedule, presently, four days on and two days off, *complete 24 hour duty."* (Emphasis added.) On this type of work schedule (*e.g.,* four days on, two days off), an employee could be required to work an average of 120 hours per week if he were on 24-hour duty on all his scheduled work days. The record reveals that Quinn worked an average of 96.5 hours per week which is substantially lower than this maximum figure.

We conclude that Quinn's resignation was due to a simple dissatisfaction with the long working hours. Mere dissatisfaction with the hours or conditions of one's employment does not constitute a cause of a necessitous and compelling nature. *Keiper v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 117, 391 A.2d 1146 (1978).

Reversed.

### Order

The Unemployment Compensation Board of Review order at B-797E669, dated February 8, 1980, granting unemployment benefits to Patrick W. Quinn is reversed.

Date: July 17, 1981