Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* William H. Williams, Appellant.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Peter J. Pinnola,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sidney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 3, 1976:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) which

affirmed an order of the referee denying benefits to William H. Williams (claimant). The basis of the Board's decision was that claimant had been discharged because of his willful misconduct[1] in absenting himself from work.

Claimant was last employed as a night-shift taxicab driver by the Yellow Cab Company. While absent from work because of illness, he was involved in an accident on January 26, 1974, in which he received a blow to the head. He advised the night superintendent that he would be unable to work for an indefinite period as a result of the injury. Approximately one month later claimant again advised the employer that he would have to remain absent until he had fully recovered. On March 30, 1974, after receiving a release from his doctor, claimant returned to his employer and was informed that his time card had been removed from the card rack. In effect, claimant had been discharged.

In an unemployment compensation case, this Court may review the decision of the Board to decide only whether the necessary findings of fact are supported by substantial evidence or whether there has been an error of law. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975). Whether the facts properly found by the Board are sufficient to constitute willful misconduct is a question of law. *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974).

---

1. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802(e), reads in pertinent part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Claimant contends that there was no substantial evidence to support the Board's fourth finding of fact:

"4. Five days before March 12, 1974, the claimant had notified the employer that he would return to work and he did not report there on March 12, 1974. When he failed to report on said date he was marked 'AWOL.' "

Further, he asserts that without this finding the conclusion that willful misconduct existed cannot stand. We agree.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *A. P. Weaver and Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 284 A.2d 515 (1971). The Board apparently understood this finding to mean that claimant promised, on the 6th or 7th of March, 1974, to return to work by March 12, 1974. In our review of the record, we find no testimony to support the finding as interpreted by the Board.[2]

We next turn to the legal question of whether, absent this finding, claimant could be found guilty of willful misconduct. Willful misconduct has been defined by our courts as follows:

"For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensa-*

---

2. The finding is somewhat ambiguous on the question of whether claimant made an open-ended statement of his intention to return or a promise to return to work specifically on March 12, 1974. For purposes of our review, we adopt the latter meaning which evidently represents the Board's understanding.

*tion Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

In its decision, the Board stated:

"The claimant's failure to return to work after an extended absence *and after notifying the employer that he would return* is a disregard of the standards of behavior which the employer has a right to expect of an employee and, as such, constitutes willful misconduct. Therefore, the discharge which followed renders the claimant ineligible to receive benefits." (Emphasis added.)

The allegation that claimant's absence constituted willful misconduct therefore falls into the third category announced in *Kentucky Fried Chicken, supra.* We have held that absence may constitute willful misconduct in the event of (1) excessive absenteeism, (2) failure to notify the employer in advance of the absence, (3) lack of good or adequate cause for the absence, (4) disobedience of existing company rules, regulations, or policy with regard to absenteeism, or (5) disregard of warnings regarding absenteeism. *Pettey v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974). The testimony in this case does not indicate the existence of any of these factors. It is the burden of the employer to show willful misconduct. *O'Keefe, supra.* Since the finding that claimant failed to fulfill a promise to return to work by March 12, 1974 cannot stand, we find that the employer has not satisfied his burden of proof on the willful misconduct charge.

Accordingly, we enter the following

ORDER

Now, this 3rd day of February, 1976, the order of the Unemployment Compensation Board of Review, dated March 3, 1975, in the above matter is reversed, and the record is remanded to the Board for disposition consistent with the above opinion.