Phaethon Williams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 30, 1978, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, March 22, 1978:

This appeal has been brought by Phaethon Williams (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits based on willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

In December 1975, claimant was a custodial worker for Pennsylvania Hospital. As a result of an automobile accident, claimant was absent from work from December 6, 1975 until January 27, 1976. In mid-January 1976, he was examined by a physician for his employer and certified as fit for light work.

Claimant returned to work on January 27 but only worked until February 5, 1976. On February 7, he was readmitted to the hospital, and his supervisor, Mr. Wilson, was personally notified of this fact by claimant's brother. The brother testified that he was told by Mr. Wilson "to contact him when he gets out of the hospital. . . ." Mr. Williamson, assistant personnel director at the hospital, testified: "[W]e did ask that he keep in touch with us regarding his confinement and when he was able to work to let us know,

to let us know what has happened."[1]  Although claimant left the hospital on February 19, 1976, he had no contact with his employer until March 21, 1976, over one month later, when Mr. Wilson called him.[2]  He told Mr. Wilson that he would return to work in a couple of weeks.  On March 23, claimant was discharged for his failure to maintain any contact with his employer during this extended period of absence.

When the referee and the Board denied benefits, this appeal was brought.  Claimant has raised the arguments here that (1) the findings of fact are not supported by substantial evidence and (2) the findings of fact do not support the conclusion of willful misconduct.

Willful misconduct has been defined to include a disregard of the standards of behavior an employer has the right to expect of his employees.  *Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977).  Failure to follow the employer's instructions concerning the reporting of absences may constitute such a disregard.

---

[1] Claimant has argued that this testimony was uncorroborated hearsay under the rationale of *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).  Even if we were to accept claimant's contention that Mr. Williamson's use of the pronoun "we" referred to the statement of another, corroboration was provided by the testimony of claimant's own witness, his brother, as mentioned above.

[2] In defense of his failure to contact his employer, claimant points in part to (1) the testimony of his brother that, on February 6, Mr. Wilson told his brother that he need not be concerned about his job and (2) that he was confined to bed after leaving the hospital.  As to the former, Mr. Wilson's alleged statement *on February 6* provides no justification for the 6-week delay here, especially when the contact on March 21 was not initiated by claimant.  As to his confinement to bed, this did not prevent him from going to his doctor once a week or from personally answering the phone when Mr. Wilson called on March 21.  At the hearing, he admitted that he "probably" could have called his employer.

*Azar v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 23, 382 A.2d 995 (1978); *Chiango v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 610, 382 A.2d 789 (1978). The failure to follow an employer's specific instruction to give a status report during the employee's absence is no less blameworthy.

Here, claimant was instructed to keep his superior informed of his condition.[3] His failure to do so evidences the kind of disregard of rightfully expected behavioral standards which will disqualify a claimant from receiving unemployment compensation benefits.

Since the findings made by the Board are supported by substantial evidence, we affirm.

ORDER

AND Now, this 22nd day of March, 1978, the order of the Unemployment Compensation Board of Review, dated August 5, 1976, denying benefits to Phaethon Williams, is hereby affirmed.

---

[3] The presence of such an instruction distinguishes this case from *Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976), and *Unemployment Compensation Board of Review v. Williams*, 23 Pa. Commonwealth Ct. 188, 350 A.2d 882 (1976).

Although the Board neglected to make a specific finding that claimant was so instructed, the testimony was undisputed on. this point. Therefore, the interests of judicial economy militate against a remand to rectify this oversight.