Mary A. Schumacher, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Richard Brown,* with him *R. Kirkland McQuiddy,* and, of counsel, *R. Kirkland McQuiddy and Associates,* P.C., for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., June 29, 1978:

Mary A. Schumacher (Claimant) appeals a determination of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits.

Claimant was employed by American Olean Tile (Employer) as a "sorter" until August 6, 1976. It is undisputed that two weeks prior to that date Claimant voluntarily submitted her notice of intention to resign, effective August 6. The referee found that Claimant's notice was submitted due to her dissatisfaction with working conditions. The referee concluded, based upon a consideration of the circumstances leading to her resignation, that Claimant was ineligible for benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,

*as amended,* 43 P.S. §802(b)(1). That section reads, in part, as follows:

> An employee shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

The referee's determination was upheld by the Board.

Claimant does not dispute the accuracy of the facts as found by the referee and accepted by the Board. It is Claimant's contention, however, that both the referee and Board erred as a matter of law in disqualifying Claimant under Section 402(b)(1) of the Law. We hold that Claimant has not met her burden of proving that the termination was the result of a necessitous and compelling cause and, therefore, affirm.

As our Supreme Court stated in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977):

> It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. . . . The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. Furthermore, a claimant who alleges that he or she terminated employment for necessitous and compelling reasons, has the burden of establishing the existence of such reasons.

Claimant contends that her testimony before the referee indicating the difficulty she experienced working with her "group leader" made her job intolerable, and is sufficient to meet her burden of proving the compelling and necessitous cause for her termination. We cannot agree.

Undisputed testimony indicates that the group leader in question was, at the time of Claimant's resignation, no longer Claimant's permanent group leader but, as Claimant knew, was assigned to that group on a temporary basis only when necessitated by employe absences. Additionally, the record indicates that Claimant had, in fact, been offered a different position with Employer on one such occasion when this group leader was on temporary assignment to Claimant's group. Moreover, Claimant's own testimony belies her contention that working conditions caused her termination. In response to questions concerning the circumstances leading to her resignation, Claimant testified that her foreman had asked her to reconsider her decision. Her testimony indicates she informed the foreman that she would rescind her termination only if the plant superintendent agreed to expunge a notation on her record of a warning she had received for walking off the job without excuse sometime earlier. We cannot, therefore, conclude that the Board erred in upholding the referee's determination that Claimant failed to meet its burden of proving a necessitous and compelling cause justifying her termination.

Accordingly, we

ORDER

AND Now, this 29th day of June, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.