Irene May, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

508 

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Ulric J. McHale,* for petitioner.

*Charles Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, January 3, 1979:

This is a petition for review filed by Irene May (Claimant) from the decision of the Unemployment Compensation Board of Review (Board) denying her benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), for voluntarily leaving her employment without cause of a necessitous or compelling nature.

Prior to her last day of work on May 6, 1976, Claimant had been employed as an assembly line su-

pervisor by Tioga Industries. Claimant maintains she was compelled to terminate her employment as a result of undue pressure and harassment. Specifically, she alleges that an immediate supervisor was placing unreasonable demands upon her to speed up production and maintain more rigid quality control. The testimony of a fellow supervisor indicates, however, that management had instituted a new program to accelerate production and improve quality control throughout the plant and that the increased pressure was not directed solely at Claimant.

It is axiomatic that the resolution of conflicts in the evidence and the assessment of the credibility of the witnesses are matters for the Board. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978). As such, findings of fact of the referee, which are affirmed by the Board, as was done here, when supported by substantial evidence, are binding on this Court even though evidence was also introduced to the contrary. *Unemployment Compensation Board of Review v. Jones,* 23 Pa. Commonwealth Ct. 451, 352 A.2d 574 (1976).

In the instant case, the referee found that it was Claimant's personal dissatisfaction with the methods employed by her supervisor that caused her to leave her position. *See Owen v. Unemployment Compensation Board of Review,* 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976). The record reveals that the Board's decision is supported by substantial evidence. Accordingly, we affirm.

### Order

And Now, this 3rd day of January, 1979, the order of the Unemployment Compensation Board of Review, dated May 5, 1977, denying benefits to Irene May, is affirmed.