James D. Ceresa, Petitioner *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Respondent.

Argued May 10, 1979, before Judges WILKINSON,
JR., BLATT and DiSALLE, sitting as a panel of three.

*Richard E. Gordon,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *James K. Bradley,* Assistant Attorney General, *Daniel R. Schuckers,* Assistant Attorney General, *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 8, 1979:

James D. Ceresa (claimant) appeals from a determination of the Unemployment Compensation Board of Review (Board) that he is ineligible for benefits because he was discharged for willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e). A referee, whose findings were adopted by the Board, found that the claimant had been absent from work for five days without reporting off as required by his employer. The claimant took off from work to attend the Sugar Bowl football game in New Orleans. He had been previously warned by a superior to obtain permission before going, but did not do so. The claimant argues, however, that (1) the Board's findings are not supported by substantial evidence and (2) his behavior did not constitute willful misconduct.

After a careful review of the record we believe that there is ample and substantial evidence to support the findings of the Board. The claimant and his witnesses advanced a version of the facts different from that advanced by the employer, but the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

Board resolved this conflict in favor of the employer, which it was clearly entitled to do. *See May v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 507, 395 A.2d 707 (1979). This Court has consistently held, moreover, that the intentional, unexcused failure to comply with an employer's absence policy constitutes willful misconduct.

The order of the Board is affirmed.

ORDER

AND Now, this 8th day of August, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.