Minerva E. Maiers, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1979, before Judges WILKIN-SON, JR., BLATT and CRAIG, sitting as a panel of three.

*Minerva E. Maiers,* for herself, petitioner.

*Gary J. Marini,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 8, 1980:

Appellant (claimant) was last employed by appellee (hospital) as a clerk-typist for approximately ten years. Her last day of work was July 12, 1976, at which time she became involved in an altercation with

her supervisor. Immediately following the argument, claimant advised the hospital's director of nursing that claimant was no longer willing to work under the direction of the supervisor with whom she had argued. Claimant then walked off the job and failed to report to work until her subsequent discharge.

On July 26, 1976, claimant received a letter dated July 22, 1976, informing her that she had been discharged effective July 23, 1976. One stated reason for the discharge was her unauthorized absence from duty in violation of an employer's rule providing that an employee's unauthorized absence for a time period in excess of five days constitutes grounds for immediate discharge.

Claimant applied for unemployment benefits on July 25, 1976, but her application was denied by the Bureau of Employment Security[1] on the basis of its determination that claimant had voluntarily quit without cause of necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Claimant appealed and a hearing was held on January 24, 1977, after which an order was entered affirming the denial of benefits and modifying the previous determination on the basis of Section 402(e) of the Law for willful misconduct consisting of extended absence from work without authorization. Claimant appealed to the Unemployment Compensation Board of Review, whose order of April 25, 1977, affirmed the referee's decision. From that order claimant appeals to this Court.

Whether an employee's action leading to his dismissal rises to the level of willful misconduct is a question of law subject to our review. *Donahue v. Unem-*

---

[1]Now Office of Employment Security. See 9 Pa. B. 2879 (1979).

*ployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 139, 400 A.2d 251 (1979). We have consistently held that an employee's intentional unexcused absence from work in violation of the employer's absenteeism policy constitutes willful misconduct. *Ceresa v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 1, 404 A.2d 455 (1979). Such behavior is in deliberate disregard of the standards of behavior an employer can rightfully expect from an employee. *Donahue, supra.*

Claimant argues that her absence was justifiable and that she quit working for a compelling reason.[2] If claimant's absence from work was due to extenuating circumstances other than her refusal to work with her supervisor, claimant did not sufficiently notify her employer of these circumstances. Dissatisfaction with working conditions centering around differences with a supervisor is not a necessary and compelling cause for voluntarily terminating employment. *Schumacher v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 360, 388 A.2d 1104 (1978).

We find substantial evidence in the record to support the finding that claimant's actions constituted willful misconduct in violation of her employer's rules resulting in her dismissal.

Accordingly, we will enter the following

### ORDER

AND Now, January 8, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-144373, dated April 25, 1977, is affirmed and benefits are denied.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.

---

[2] At oral argument claimant, arguing pro se, seemed to change her position to agree that she was dismissed but argued her dismissal was not properly based on willful misconduct.