Samuel M. Letterlough, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*William H. Naugle, Naugle & Sullivan*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Assistant Attorney General, and *Harvey Bartle, III*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, February 11, 1981:

Samuel M. Letterlough has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee that Letterlough was ineligible for unemployment compensation due to willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Letterlough was employed by Fruehauf Corporation as an assembler for about nine years. Sometime in late September or early October 1978, Letterlough informed Fruehauf that he might be jailed for reasons not related to his work and asked Fruehauf to supply a letter for the county Court of Common Pleas to help Letterlough obtain work release. Fruehauf provided Letterlough with a letter; however, Letterlough was denied work release and on October 5, 1978 he was sentenced to six months imprisonment and immediately incarcerated. Letterlough had no contact with Fruehauf throughout his incarceration. In November 1978, Fruehauf discharged Letterlough for violation of a provision of the pertinent collective bargaining agreement requiring the employee to notify Fruehauf within five days from the commencement of an absence or be terminated.

Upon his release from prison, Letterlough applied for and was denied unemployment compensation by the Office of Employment Security. A referee, after a hearing, affirmed the denial of compensation, finding that Letterlough failed to notify Fruehauf as required and concluding that this failure to comply with a work rule was willful misconduct. The Board somewhat modified the referee's finding but affirmed the decision.

Letterlough contends that the Board erred in finding as fact that Letterlough failed to notify Fruehauf within five days of his absence.[1] Letterlough argues that his request for a letter from Fruehauf prior to his incarceration gave Fruehauf notice that Letterlough might be absent from work. This argument fails for

---

[1] We note that the excessive absenteeism occasioned by Letterlough's imprisonment may have alone constituted willful misconduct. *See Medina v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 323, 425 A.2d 488 (1980).

two reasons. First, the labor agreement specified that notice to Fruehauf must be given within five days *after* the commencement of absenteeism. When there is a clearly defined reporting procedure in effect, notice of absence must be given in accordance with that procedure in order to be legally adequate. *See, e.g., Unemployment Compensation Board of Review v. Blouse,* 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976). The record shows that Letterlough could have but did not comply with the notice of absence requirement.

Second, Letterlough's request of a letter concerning his employment at best put Fruehauf on notice that Letterlough might be incarcerated. It did not inform Fruehauf that Letterlough would be absent from work or, if absent, for how long. Without such information Fruehauf would thus be unable to maintain a labor force at the level necessary for the efficient operation of its business, the industrial evil the notice provision was clearly intended to avoid.

Letterlough also says that he gave notice of his absence to Fruehauf through his union representative. Letterlough testified before the referee that he told his union representative of his incarceration and that the union representative later told Letterlough that he had notified Fruehauf of Letterlough's forced absence. The union representative did not testify and the Board, as was its province, obviously chose not to believe that the union representative performed this mission.[2]

Substantial evidence supports the Board's findings of fact; and we also agree with the Board that Letterlough's absenteeism without notice, contrary to work rule, constituted willful misconduct. *See e.g.,*

---

[2] We need not and do not decide whether or not the notice requirement would have been satisfied if it had been found that the union representative upon Lettelough's request had given Fruehauf timely notice of Letterlough's absence.

*Ferko v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973).

Order affirmed.

ORDER

AND Now, this 11th day of February, 1981, the order of the Unemployment Compensation Board of Review dated July 10, 1979 is affirmed.