Letitia Ferry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

Barbara J. Hart, with her, Louis M. Shucker, for petitioner.

William J. Kennedy, Assistant Attorney General, with him John T. Kupchinsky, Assistant Attorney General, Richard Wagner, Chief Counsel, and Harvey Bartle, III, Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 31, 1981:

In this unemployment compensation appeal, claimant[1] questions a denial of benefits by the board,[2] affirming a referee's decision denying benefits to claimant, a veterinarian technician who had resigned her position with the Animal Rescue League of Berks County. The basis for denying compensation was the voluntary quit provision of the Unemployment Compensation Law.[3]

An unemployment compensation claimant who terminates her employment has the burden of proving she did so for necessitous and compelling cause. Rudy v. Unemployment Compensation Board of Review, 48 Pa. Commonwealth Ct. 633, 410 A.2d 97 (1980).

---

[1] Letitia Ferry.

[2] Unemployment Compensation Board of Review.

[3] Section 402(b)(1), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b)(1).

The record indicates that, because of the league's financial problems and the resignation of the veterinarian under whom claimant had worked, claimant's duties certainly became more arduous in various ways, as a result of the greater use of volunteer workers and other measures.

However, the board did not accept, nor can we accept, claimant's view that the work thereby became unsuitable for her paraprofessional status and education. Even though, with no veterinarian on the staff, there could be no animal surgery and other professional procedures for claimant to assist, her special background logically would remain important without a doctor present.

The evidence substantially supports the referee's key finding:

2. The claimant voluntarily terminated her employment on Jan. 18, 1979, due to her dissatisfaction with the employer's operational policies and because her supervisor, the veterinarian, voluntarily terminated her employment on January 18, 1979.

Claimant's complaints constitute understandable expressions of dissatisfaction with her working conditions. However, dissatisfaction with working conditions does not constitute necessitous and compelling cause for voluntarily leaving employment. *Mann v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 119, 398 A.2d 743 (1979).

There is evidence in the record that claimant discussed the problems with the veterinarian, who took them up with the League president; however, even if the record lacks support for the finding that "claimant did not discuss her dissatisfaction with the employer," that finding is not essential to the decision.

Accordingly, we affirm the decision of the board.

## ORDER

AND NOW, March 31, 1981, the decision of the Unemployment Compensation Board of Review is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.