Herbert Jacobs, Petitioner *v.* Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Arnold F. Laikin,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

MEMORANDUM OPINION BY JUDGE ROGERS, August 31, 1982:

Herbert Jacobs, the claimant in this unemployment compensation case, injured his wrist on October 17, 1980 while working as a saw cutter. After this date he was absent from work because of his injury. When he called his employer on December 1, 1980,[1] he was told that he was discharged for unreported absenteeism.

The Unemployment Compensation Board of Review affirmed the determinations of a referee and the Office of Employment Security refusing benefits, concluding that the claimant had been discharged for willful misconduct and therefore was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

While absence from work standing alone is not generally willful misconduct, the failure to report to one's employer during absence in accordance with the employer's rules may be held to constitute willful misconduct. *Donahue v. Unemployment Compensation*

---

[1] The compensation authorities' finding that this call was made November 29, 1980 was immaterial error.

*Board of Review,* 42 Pa. Commonwealth Ct. 139, 400 A.2d 251 (1979). The Board found that the employer's policy required an absent employee to notify the employer of intended absence and the claimant indeed testified that the employer required daily notification. The Board further found that the claimant was in touch with the employer only once during his absence of more than five weeks, and that that communication concerned a matter unrelated to the claimant's continued absence or prospect for return.

The claimant contends the Board's finding that he made but one call, and that about a matter unrelated to his absence, is unsupported by substantial evidence. It is true that the claimant testified to numerous calls concerning his absences. The compensation authorities, however, chose not to credit the claimant's testimony and to accept that of the employer. That is their province. *See Caterina v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 19, 401 A.2d 852 (1979).

The claimant emphasizes the fact that he was receiving workmen's compensation benefits from his employer's insurance company during his absence and that these provided explanation, and therefore notice, of his inability to work. An employer's witness testified, however, that the employer not only did not know when the claimant might return to work but indeed could not get in touch with him because he had moved meanwhile. Again the employer's version of the circumstances was accepted by the fact finders.

"When there is a clearly defined reporting procedure in effect, notice of absence must be given in accordance with that procedure in order to be legally adequate." *Letterlough v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 551, 554, 425 A.2d 488, 489 (1981).

Order affirmed.

ORDER

AND Now, this 31st day of August, 1982, the order of the Unemployment Compensation Board of Review at No. B-196503 is hereby affirmed.