Clarke O. Warner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Garry Wamser,* for petitioner.

*James Norris,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 2, 1983:

The claimant, Clarke Warner, appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402 (b)(1) of the Unemployment Compensation Law.[1]

The claimant was employed as an automobile salesman by Bill MacIntyre Chevrolet, Inc. until June 21, 1980, when the claimant quit his job due to the lack of automobile sales, inability to make money, and the sales practices of his employer. The claimant's application for unemployment benefits was denied by the referee and Board, and he now appeals to this Court asserting that he had necessitous and compelling reasons for leaving his employment.

Mere discontent with one's wages, hours and working conditions has never been held to be adequate justification for terminating one's employment so as to qualify for unemployment benefits. *Martelli v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 137, 435 A.2d 303 (1981); *Hesse v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 595, 422 A.2d 729 (1980). We also reject the claimant's contention that his employer's sales practice of "low-balling"[2] was a necessary and compelling reason for his leaving work. By the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[2] As described by the claimant, "low-balling" required salesmen to give high trade-in estimates to customers conditioned upon manager approval. Manager approval was always for a lesser price, and only given after the customer committed himself in writing to buying a car.

404

claimant's own testimony, he admitted that he would go back to working for his employer tomorrow except that he wasn't making enough to support himself. It is difficult for us to accept the claimant's assertion that his employer's sales practice of "lowballing" was a necessary and compelling reason for leaving his employment when he states that he would return to work tomorrow. A key element in proving necessitous and compelling reasons for terminating employment is "good faith." *Frable v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 137, 416 A.2d 1164 (1980). This element seems to be lacking in the claimant's argument. Accordingly, the order of the Board denying benefits is hereby affirmed.

ORDER

AND Now, this 2nd day of March, 1983, the order of the Unemployment Compensation Board of Review, dated November 10, 1980, No. B-189504, denying benefits to the claimant, Clarke Warner, is hereby affirmed.