531 A.2d 840

Jayne Matvey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 6, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Thomas F. Putinsky,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, September 30, 1987:

This is an appeal by Jayne Matvey (Claimant) from a decision of the Unemployment Compensation Board of

Review (Board) affirming a referee's denial of benefits to Claimant pursuant to Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).[1] We affirm.

Claimant was employed by Kurt J. Lesker Company (Employer) as an operations manager for approximately thirteen months, with her last day of work being August 30, 1985. As operations manager, Claimant's job responsibilities involved the running of the company's computer system.

On September 9, 1985, Claimant filed an application for unemployment compensation benefits and received weekly benefits from September 21, 1985 until January 18, 1986. However, Claimant's benefits were terminated due to a determination by the Office of Employment Security (OES) that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature. Claimant appealed the OES determination and the referee denied benefits concluding that Claimant was not discharged but had voluntarily terminated her employment. Claimant appealed the referee's decision and the Board affirmed the referee. Hence, this appeal by Claimant.

The issues presented for our consideration on appeal are: (a) whether substantial evidence exists to support the findings of the Board that Claimant voluntarily terminated her employment; (b) whether Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature; and (c) whether there is substantial evidence to support the Board's

---

[1] Section 402(b) of the Act provides in pertinent part: "An employe shall be ineligible for compensation for any week—. . . . (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . ."

findings that Claimant's actions support a determination that a fault overpayment exists.[2]

Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Whether a claimant has voluntarily terminated her employment is a question of law reviewable by this Court. *DeMelfi v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 577, 442 A.2d 1249 (1982). Claimant argues that she did not resign but was discharged, however, because the Board's decision concluded that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature, we must review the Board's decision in that light. *Gordon v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979).

In a voluntary quit case, the burden of proving a right to unemployment compensation benefits rests with the claimant. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). A claimant may show entitlement to benefits by establishing he was discharged, *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980), or that a necessitous and compelling cause existed for terminating the employment relationship, *Kligge v. Unemployment Compensation Board of Review,* 89 Pa. Commonwealth Ct. 30, 491 A.2d 325 (1985).

---

[2] Claimant requests that benefits be granted or in the alternative that a remand be granted for a determination of whether Claimant's actions constituted willful misconduct.

Thus, we begin our analysis as to whether substantial evidence exists to support the Board's determination that Claimant resigned from her employment by reviewing the testimony presented by Claimant.[3] At the hearing before the referee, Claimant testified that on June 15 or 16, 1985, she notified Employer that she was resigning because of interference in her job from the owner's wife. Notes of Testimony (N.T.) from March 13, 1986 at p. 3. Claimant further testified that Employer requested that she remain with Employer and the Claimant indicated she would stay provided three conditions were met. The record indicates that two of these conditions were that Claimant would not receive interference from the owner's wife and that Claimant's office be moved closer to the computer room. Employer did not respond as to whether he would be willing to comply with these conditions and Claimant admitted that she continued to receive interference from the owner's wife. Claimant also stated that she trained her replacement for three weeks and that by mutual agreement between Employer and Claimant it was decided that August 30, 1985 would be Claimant's last day of work. With respect to this mutual agreement, Claimant explained, "We had talked back and forth and finally he [claimant's supervisor] said well we agree that you are right, Jayne, that it would be for the best interest of the company that you leave. I said fine". N.T. from March 13, 1986 at p. 6.

---

[3] We note that the testimony presented by Employer was hearsay which was objected to by counsel for Claimant. Pursuant to the *Walker* rule, hearsay evidence properly objected to is not competent evidence to support a finding of the Board. However, hearsay evidence admitted without objection will be given its natural probative effect and may support a finding of the Board if corroborated by any competent evidence in the record, but a finding of fact based solely on hearsay will not stand. *See Walker* at 527, 367 A.2d at 370. In the case at hand, we are satisfied that Claimant's own testimony supports the findings of the Board.

Questions of credibility, evidentiary weight and inferences to be drawn from the evidence are for the Board to determine. *Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977). Additionally, we must examine the testimony in the light most favorable to the party who prevails below. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

An express resignation is not necessary and an employee's conduct may be tantamount to a voluntary termination. *See Sears, Roebuck and Co. v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). According to Claimant, when she communicated her resignation to Employer, she was asked by Employer to reconsider. Claimant indicated that she would remain if certain conditions were met. However, Employer ignored Claimant's request and instead hired a replacement. Claimant presented no evidence to indicate she attempted to remain with Employer despite the fact she continued to receive interference from the owner's wife or to revoke her resignation. Thus, the evidence of record indicates that Employer accepted Claimant's offer to resign. *See Sears, Roebuck and Co.*

In those instances involving an employee resignation, the courts have applied the proximate cause test. *See Lovrekovic v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 364, 387 A.2d 685 (1978) and *Walker. Also see Soyster v. Unemployment Compensation Board of Review*, 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962). Hence, it was Claimant's communication to Employer that she was resigning which set in motion the process for her replacement and Claimant has failed to establish that she communicated to Employer that she would remain at her em-

ployment position despite the fact that she continued to receive interference from the owner's wife. *See Lovrekovic* and *Walker*. Accordingly, we conclude that the referee's findings which were affirmed by the Board that Claimant voluntarily terminated her employment and was not discharged are supported by substantial evidence.

Since we have concluded that Claimant voluntarily terminated her employment, we must now determine whether she did so for a cause of a necessitous and compelling nature. *Bowman*. Claimant asserts that she could not function in her employment position due to constant interference from the owner's wife. Claimant described the situation as follows:

Q: Well what did she do, what did she say?

A: She would constantly complain, first about my work area, I mean she didn't like the way I wrote, she didn't like the way this, she didn't like my work site. I had gotten a new work station, it was my work station, I had to be there, she didn't like it, we shared the same, it was about half this office size and I sat here and she sat there, we were constantly tripping over each other, she would be on the phone and I couldn't use my phone, etc., it was a madhouse, an absolute madhouse and we constantly, I constantly complained to her, I said there's got to be a better way. I even asked her one time, I said aren't you going to stay home and take care of your kids, you told me you were going to do that? She said, well I'll always be here to ask questions, I'll just always be here. I said, fine, I said I am not your assistant and after that day we did not even talk that much.

A dissatisfaction with work conditions does not constitute a necessitous and compelling cause for voluntarily leaving employment so as to qualify for unemploy-

ment compensation benefits. *Warner v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 402, 456 A.2d 721 (1983); *Ferry v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 154, 427 A.2d 716 (1981). A personality conflict with a supervisor or another employee also does not constitute a necessitous and compelling cause for terminating employment. *See Lauffer v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 519, 434 A.2d 249 (1981) and *Schumacher v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 360, 388 A.2d 1104 (1978). Thus, we are satisfied with the referee's finding of fact that "the Claimant voluntarily terminated her position because the owner's wife annoyed the Claimant" to be supported by Claimant's own testimony.

Lastly, we must address whether Claimant by reason of her fault received compensation to which she was not entitled and, therefore, is required to repay these benefits pursuant to Section 804(a) of the Act.[4] A fault overpayment is one where "blame, censure, impropriety or culpability attaches" to the claimant. *Rozanc v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 369, 366 A.2d 611 (1976). Thus, an intentional misstatement on an application for benefits can support a finding of fault. *Warden v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 183, 454 A.2d 222 (1983) and *Stormer v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977). In the case at hand, Claimant certified in her application for benefits that her unemployment was due to "lack of work". However, Claimant's testimony revealed that prior to her termination of employment she trained a replacement, that

---

[4] 43 P.S. §874(a).

Claimant was aware this individual was her replacement, and that Claimant's separation from employment was due to her dissatisfaction with interference from the owner's wife. Accordingly, the Claimant's overpayment of $3,816.00 will be recouped under Section 804(a) of the Act.

Therefore, for the reasons set forth herein, we will affirm the decision of the Board.

## ORDER

AND NOW, this 30th day of September, 1987, the order of the Unemployment Compensation Board of Review in regard to the above-captioned matter is hereby affirmed.