# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna Marie Park,                :
           Petitioner    :
                    :
       v.              :    No. 1495 C.D. 2019
                    :    Submitted: May 22, 2020
Unemployment Compensation  :
Board of Review,         :
           Respondent  :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**         **FILED: September 18, 2020**

Petitioner Anna Marie Park (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a decision by a Referee, denying benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] We now affirm the Board's order.

Claimant filed a claim for unemployment compensation benefits following the end of employment with her employer, Avalon Dental (Employer). (Certified Record (C.R.), Item No. 1.) The Department of Labor & Industry, Office of Unemployment Compensation Benefits (Department) determined Claimant to be

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

ineligible for benefits under Section 402(b) of the Law, because she had voluntarily quit her job without cause of a necessitous and compelling nature. (C.R., Item No. 3.) Claimant appealed, and a Referee conducted a hearing at which Claimant appeared and testified.

At the hearing, Claimant testified that she began work with Employer on January 29, 2019, and her last day was January 31, 2019. (C.R., Item No. 9 at 3.) When asked about the circumstances surrounding her separation from employment, Claimant stated that she was "not sure exactly how things happened, [but she] did not quit."[2] (*Id.*) She further stated that Employer did not tell her that she could no longer work; rather, Employer told her "to go home for the day because there were some issues going on and [Employer] was going to reach out to [her] on Friday[, February 1, 2019,] to discuss further . . . what was going to happen with [her] employment." (*Id.*) Employer did not contact her on Friday, and Claimant did not try to contact Employer. (*Id.*) When Employer did not call Claimant on Friday, she assumed that Employer was not going to have her come back into work. (*Id.* at 4.) Claimant later texted Employer to ask about the hours she had worked, and Employer responded that a check would be issued. (*Id.*) Claimant never indicated that she would like to return to work. (*Id.*)

With regard to the issue that caused Claimant to be sent home or leave work early on January 31, 2019, Claimant testified that Employer assigned an employee (Trainer) to train Claimant in her new position. (*Id.*) Claimant and the Trainer began "having some issues." (*Id.*) Claimant stated that the Trainer's method of training

---

[2] Although Claimant testified that she did not quit, when she filed her claim for benefits she indicated that she had quit her employment. (C.R., Item No. 9 at 4.) When the Referee asked Claimant about the discrepancy, Claimant replied that she must have been confused when she did that. (*Id.*)

2

was "unacceptable" and that the Trainer "was just very nasty and negative about things like [Claimant] was a burden to her." (*Id.* at 6.) Claimant testified that she would return to work only if she would not be working with the Trainer. (*Id.*)

The Referee issued a decision on March 3, 2019, affirming the Department's determination. In so doing, the Referee made the following relevant findings of fact:

> 1. For purposes of this appeal, the claimant was employed as a full-time Treatment Coordinator with Avalon Dental earning $24 per hour. The claimant began employment on January 29, 2019, and last worked on January 31, 2019.
>
> 2. The claimant was being trained by someone she did not feel comfortable with, and did not feel was a good fit.
>
> 3. The claimant went home on January 31, 2019, after which the claimant was supposed to speak to the employer on February 1, 2019.
>
> 4. The employer did not reach out to the claimant on February 1, 2019, nor did the claimant reach out to the employer.
>
> 5. The claimant would have returned to work for the employer if she did not have to continue working with the same trainer.
>
> 6. The claimant did not inform the employer she would return to work under any circumstances.
>
> 7. The claimant voluntarily quit her employment.

(C.R., Item No. 10.)

The Referee denied benefits pursuant to Section 402(b) of the Law, because Claimant failed to prove she had a necessitous and compelling reason for leaving employment. (*Id.*) The Referee reasoned that "although the claimant argued she did not quit her employment, based on the totality of the evidence contained in the record

3

. . . the claimant was not discharged from employment, the claimant clearly had a personality conflict with her trainer, made no effort to return to employment after her last day of work, and finally would not have done so unless she did not have to work with a certain trainer upon her return." (*Id*.)

Claimant appealed to the Board. The Board adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's decision, denying benefits. (C.R., Item No. 12.) Claimant now petitions this Court for review of the Board's order.

On appeal,[3] Claimant argues that she was fired by Employer and did not voluntarily quit. As a result, she contends that she is entitled to benefits. The Board argues that Claimant's failure to maintain contact with Employer and failure to inform Employer of her intent to return to work constitutes a voluntary quit. The Board also argues that Claimant does not assert that she had a necessitous and compelling reason to quit her employment, and, therefore, Claimant has waived that issue.

When making a determination of whether a person voluntarily or involuntarily left her employment, we must examine the totality of the facts surrounding the cessation of employment. *Watkins v. Unemployment Comp. Bd. of Review*, 65 A.3d 999, 1004 (Pa. Cmwlth. 2013). "Whether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court." *Id.* "A claimant seeking unemployment compensation benefits bears the burden of establishing either that (1) his separation from employment was involuntary or (2) his separation was voluntary but he had cause of a necessitous or

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

compelling nature that led him to discontinue the relationship." *Id.* To be interpreted as involuntary—*i.e.*, a discharge—the "employer's language must possess the immediacy and finality of a firing." *Charles v. Unemployment Comp. Bd. of Review*, 552 A.2d 727, 729 (Pa. Cmwlth. 1989). When examining whether a claimant has "voluntarily" left employment, an "express resignation is not necessary" to make this determination and "conduct which is tantamount to a voluntary termination of employment is sufficient." *Greenray Indus. v. Unemployment Comp. Bd. of Review*, 135 A.3d 1140, 1143 (Pa. Cmwlth. 2016). A voluntary termination "requires a finding that the claimant had a conscious intention to leave employment." *Procyson v. Unemployment Comp. Bd. of Review*, 4 A.3d 1124, 1127 (Pa. Cmwlth. 2012). "[A]n employee's failure to take all necessary and reasonable steps to preserve her employment will result in a voluntary termination of employment." *Westwood v. Unemployment Comp. Bd. of Review*, 532 A.2d 1281, 1282 (Pa. Cmwlth. 1987). The claimant is reasonably expected to display an effort in making contact with the employer to demonstrate her continued interest in employment. *Id.* at 1283. In situations where an employee leaves her employment without informing her employer when or if she is planning to return, courts often allow for a reasonable period of time thereafter for an employee to manifest an intent to quit or for an employer to discharge the employee. *Iaconelli v. Unemployment Comp. Bd. of Review*, 892 A.2d 894, 896 (Pa. Cmwlth. 2006).

Claimant essentially argues that Employer terminated her employment because Employer did not contact her on February 1, 2019, or at any time thereafter. Claimant in her brief states that it was "not [her] choice to leave Avalon Dental on Thursday, January 31, 2019." Claimant implies that Employer's act of instructing her to "go home" on January 31, 2019, and Employer's failure to call her the next

day together constitute a termination of her employment. We disagree. Employer's conversation with Claimant on January 31, 2019, did not include language that possessed the immediacy and finality of a firing. *See Charles*, 552 A.2d at 729. While it may be true that Employer sent Claimant home on January 31, 2019, it was Claimant's choice to not contact Employer until February 5, 2019—five days after last speaking with Employer. Although Claimant contends that Employer did not give her an opportunity to discuss her employment, there is no evidence that Claimant ever communicated a desire to return to work. When Claimant eventually contacted Employer, she asked only about payment for the hours she worked and did not express continued interest in employment. Quite simply, Claimant, in her later contact with Employer, expressed no intention to continue employment or any interest in discussing further employment. Under these circumstances, the Board did not err in determining that Claimant voluntarily quit her employment.

Section 402(b) of the Law provides that "an employe[e] shall be ineligible for compensation for any week . . . [i]n which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Whether a claimant had cause of a necessitous and compelling nature for voluntarily quitting her employment is a question of law subject to this Court's review. *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 661 (Pa. Cmwlth. 2006). A claimant who voluntarily terminates her employment "bears the burden of proving that necessitous and compelling reasons motivated that decision." *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999). To establish cause of a necessitous and compelling nature, a claimant must show that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like

6

circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve his employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008). "A personality conflict with a supervisor or another employee . . . does not constitute a necessitous and compelling cause for terminating employment." *Matvey v. Unemployment Comp. Bd. of Review*, 531 A.2d 840, 843 (Pa. Cmwlth. 1987).

We agree with the Board that Claimant has waived the issue of whether she had a necessitous and compelling cause for voluntarily quitting her employment by not developing it in her brief. "Arguments not properly developed in a brief will be deemed waived by this Court." *Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998). Even if we were to interpret Claimant's brief as having preserved this issue, the result would be the same. Our case law is clear that a personality conflict alone does not constitute circumstances that would produce real and substantial pressure to terminate employment. *See Matvey*, 531 A.2d at 849. Moreover, as discussed above, Claimant did not make any reasonable effort to preserve her employment. *See Procito*, 945 A.2d at 264. Furthermore, Claimant would not have returned to work unless Employer assigned another employee to train her. For these reasons, the Board did not err in concluding that Claimant did not have cause of a necessitous and compelling nature when she voluntarily terminated her employment.

Accordingly, we will affirm the order of the Board.

_____
P. KEVIN BROBSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anna Marie Park,                                    :
                          Petitioner                :
                                                    :
          v.                                        :     No. 1495 C.D. 2019
                                                    :
Unemployment Compensation                           :
Board of Review,                                    :
                          Respondent                :

# **O R D E R**

AND NOW, this 18th day of September, 2020, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
P. KEVIN BROBSON, Judge