Stanakenas Unemployment Compensation Case. Wilkes-Barre Transit Corporation, Appellant, *v.* Unemployment Compensation Board of Review.

354 

Argued June 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

 

*N. Brian Caverly*, with him *Bedford, Waller, Griffith, Darling & Mitchell*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *William C. Sennett*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., September 11, 1969:

This is an appeal in an unemployment compensation case by the appellant-employer, Wilkes-Barre Transit Corporation, from the decision of the Unemployment Compensation Board of Review awarding benefits to the claimant-appellee, Sebastian J. Stanakenas, on the grounds that he had good cause for refusing an offer to return to the position as school bus driver under the provisions of Section 4(t) of the Unemployment Compensation Law, 43 P.S. 753(t) and Section 402(a) of the Unemployment Compensation Law, 43 P.S. 802(a).

The claimant, age 55, had been employed by the appellant as a school bus driver at the hourly rate of $2.54 from September, 1957, to June, 1968, when the school term ended and he was laid off.

On September 6, 1968, the claimant was offered a job as a school bus driver at the same pay as the prior term and performing the same duties of transporting

students to and from Wyoming Valley West School District.

The claimant refused to accept the offer due to the fact that his driving had been hindered and interfered with by unruly students throwing apples, pencils, snowballs, and sundry articles at him and directing vile language at him so that he was apprehensive for the safety of the children on the bus and his own safety.

The Bureau refused benefits; the referee and the Unemployment Compensation Board of Review awarded benefits. This appeal followed.

The referee found the following pertinent facts which were affirmed by the Board:

"5. Claimant decided not to accept this offer of employment and return to this job because he had been subjected to verbal abuse from the passengers and he also was struck with paper wads, broken pencils, fruit skins, and other assorted objects, which interfered with his driving.

"6. The claimant had reported these incidents but nothing was done to remedy the situation.

"7. Claimant feared that the antics of the passengers might lead to an accident."

There was a conflict of testimony but there was sufficient evidence to support the findings. The referee and the Board found that under these facts he had good cause for refusing the proffered job. The credibility of witnesses, the weight of their testimony and the reasonable inferences to be drawn from them are for the Board. The findings of fact if supported by the evidence are conclusive. *France Unemployment Compensation Case*, 205 Pa. Superior Ct. 505, 507.

". . . There was a conflict of testimony but the credibility of witnesses is for the compensation authorities, who are not required to accept even uncontradicted testimony as true. Lavely Unemployment Compensa-

356

tion Case, 163 Pa. Superior Court 66, 67, 60 A. 2d 352 (1948)."

The claimant relying on his prior experiences encountered in performing the same duties was fully justified in concluding that he would be endangering his own physical safety as well as that of his passengers. Normally, there is no question that the job offered would be considered suitable work under the Act, but Section 4(t), supra, provides, inter alia, as follows: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety, and morals, his physical fitness, . . ."

The apprehension of the claimant as to possible harm was not just a figment of his imagination as evidenced by the fact that the school district on a number of days placed guards to ride on his bus and discipline the students. His apprehension was not just subjective, as his reason was based on his experience on the job. It is a frightening thing to contemplate what could happen on a busy highway with a bus load of unruly children throwing things and abusing an already nervous and apprehensive driver. We agree with the Unemployment Compensation authorities that "under these circumstances he had good cause for failing to accept this offer of employment and, therefore, he cannot be disqualified from receiving benefits under the provisions of Section 402(a) of the Law."

Decision affirmed.

MONTGOMERY and JACOBS, JJ., dissent.