Barrie D. Hazzard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges BLATT, MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Terrence McLoughlin,* with him *Barrie D. Hazzard,* Pro Se, for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 21, 1980:

Barrie D. Hazzard (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's finding that he voluntarily quit his job as a counselor for the Commonwealth of Pennsylvania, Cornwells Heights Youth Development Center, without a necessitous and compelling cause and was therefore ineligi-

ble for unemployment compensation benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

The claimant, a college-trained counselor, was initially employed in 1976 at the Commonwealth's Youth Development Treatment Center in Philadelphia and worked there until the facility was closed in August of 1978. Upon the closing of that facility, he accepted the Commonwealth's offer of a position at the Cornwells Heights facility, where, after a four-day orientation program, he began his regular duties on September 1, 1978. He quickly became dissatisfied with his job, however, and he quit after his first day of actual assignments.

The claimant argues here that the referee, in finding that he voluntarily terminated his employment, improperly failed to consider the suitability of the new position in the light of the claimant's prior training and experience. He contends that, although his salary remained the same, the Cornwells Heights position was vastly different from his prior position because the residents at the Cornwells Heights facility required much stricter security. As a result, he claims that his responsibilities at the Cornwells Heights facility were simply those of a security guard and that he would make little use, if any, of his education and previous experience as a counselor. In particular, he argues that a large portion of his time each day was involved in making continuous security checks of dormitory windows.

In determining whether or not a voluntary termination is for a necessitous and compelling cause under Section 402(b)(1) of the Law,[1] the compensation authorities must explore and determine whether or not

---

[1] 43 P.S. §802(b)(1).

the employment concerned is suitable work as defined by the Law.[2] Section 402(b)(1) provides in part:

[T]hat in determining whether or not an employe has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided with respect to the determination of suitable work. . . .

See *Shay Unemployment Compensation Case*, 424 Pa. 287, 227 A.2d 174 (1967). And in making such a determination of work suitability, we have consistently held that, when an employee accepts a position which he later quits, he admits the initial suitability of the position with respect to its wages and conditions and that, to overcome such a presumption and show his entitlement to benefits, the employee must show that changes in the job conditions or deception by the employer made him unaware, when he entered the employment relation, of conditions which he later alleges to be onerous. *Mosley v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974); *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978).

The record here reveals that the claimant underwent a four-day orientation program at the new job, during which the job was adequately described and during which he had ample opportunity to ask questions and to discern the type of security functions he

---

[2] Section 4(t) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(t), defines suitable work, in part, as:

[A]ll work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience. . . .

would be required to perform. Moreover, with regard to the security checks of the dormitory windows, he testified merely to the effect that the orientation program did not reveal that such a large portion of the workday was devoted to such activity. He also testified that he understood from the orientation program that he would devote much less time to interpersonal counseling than he did at his previous job and that this added to his dissatisfaction.

A thorough examination of the record leads us to conclude that the referee did not capriciously disregard any evidence that the claimant was misled about his job functions, and we must affirm the Board's determination that he voluntarily terminated a position where suitable employment was available.

President Judge Bowman did not participate in the decision in this case.

### Order

And Now, this 21st day of April, 1980, the order of the Unemployment Compensation Board of Review is affirmed.