Amy Sell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Terry L. Fromson,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 6, 1981:

This is an appeal by the petitioner, Amy Sell, from an order of the Unemployment Compensation Board of Review (Board) denying benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), and holding that she had voluntarily terminated her employment without cause of a necessitous and compelling nature.

The petitioner was employed as an art instructor for the Southern Home for Children, a psychiatric treatment center for emotionally disturbed boys and girls, until her last day of work on June 27, 1977. In December of 1976, after she had been struck in the back of her head by a cue stick case thrown by one of the children, she reported the incident to her employer, received medical treatment and then returned to work the ·next day, despite advice from her doctor that she should remain at home for two days in order to recover from the anxiety which she felt as a result of the experience. In May of 1977, she had also twice been struck in the head by basketballs thrown by one of the children, and at other times she had received verbal threats from one or more children, including an incident in April of 1977, when a seventeen year-old male with a criminal history of violent acts had said, while he was hitting a punching bag, "that he was going to knock [her] head off." One week after the May, 1977 occurrence, the Petitioner submitted her resignation to become effective on June 28, 1977,

stating that she was leaving because of the existing conditions of her employment. The Bureau (now Office) of Employment Security granted unemployment benefits but, upon appeal by her employer, a hearing was held and a referee reversed the grant. The Board ordered a remand for further testimony and after additional evidence was taken, the Board affirmed the referee's denial of benefits, holding that the petitioner did not have cause of a necessitous and compelling nature to terminate her employment. This appeal followed.

An employee who voluntarily terminates his or her employment bears the burden of proving that such resignation was due to a necessitous and compelling cause, *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977), and the issue of whether or not the facts as found by the Board amount to such good cause is a question of law to be resolved by this Court. *Taylor v. Unemployment Compensation Board of Review, supra.*

The petitioner does not challenge the facts as determined by the Board, but she does argue that those facts, as a matter of law, rise to the level of necessitous and compelling cause. She contends that her fear of physical injury due to the existing conditions of her job was an "emotional agitation experienced in the presence of an actual and imminent danger" and not merely an "anxiety produced by anticipation of danger." *Labenski Unemployment Compensation Case*, 171 Pa. Superior Ct. 325, 332, 90 A.2d 331, 335 (1952). She asserts that the dangers with which she was confronted were real, objective and substantial and she relies upon the case of *Stanakenas Unemployment Compensation Case*, 215 Pa. Superior Ct. 353, 257 A.2d 275 (1969), *aff'd*, 438 Pa. 554, 265 A.2d 519 (1970), wherein a claimant was found to have good cause for declining reemployment as a bus

driver when his previous experience demonstrated that the children distracted his attention by shouting, throwing objects and verbally abusing him, and thereby endangered himself and all the occupants of the bus. The petitioner also emphasizes that she made a good faith effort to retain employment by requesting a transfer to a department where she would be safer. *See Mackanic v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 347, 390 A.2d 884 (1978).

While we can understand the petitioner's situation here, and we can commend her efforts to maintain her employment relationship, we cannot say that she has met her burden of establishing that the incidents in which she was involved constituted necessitous and compelling cause for her resignation. Necessitous and compelling cause requires that circumstances must exist which produce real and substantial pressures to terminate employment and which would compel a reasonable person in a similar situation to act in the same way. *Taylor v. Unemployment Compensation Board of Review, supra.* Section 402(b)(1) of the Law[1] mandates that the issue of whether or not there was good cause for terminating employment turns on the same factors that are applicable in determining whether or not work is suitable.[2] And, although we

---

[1] Section 402(b)(1), 43 P.S. §802(b)(1), states in pertinent part: [T]hat in determining whether or not an employe has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work....

[2] Section 4(t) of the Law, 43 P.S. §753(t), defines "suitable work" as:

[A]ll work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical

recognize that fear of physical injury is a legitimate reason for refusing employment, this Court has already held that an employee who accepts a position admits the initial suitability of the work in respect to wages and conditions of employment and that in order to be eligible for unemployment benefits after a subsequent resignation, the employee must show that the job conditions had changed or that he or she was misled by the employer as to the conditions which were later found to be objectionable. *Hazzard v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 620, 413 A.2d 478 (1980). Here, the petitioner had been a part-time employee at the Southern Home for a period of six months before she became a full-time employee and this experience must surely have afforded her a full awareness of the working conditions there and of the nature of the children with whom she would have to deal. Under a different set of facts the physical abuse which the petitioner endured, might very well amount to good cause for resigning, but we must view this case in the light of her particular employment situation. Under these circumstances, however, we do not believe that she has met her burden of proof.

ORDER

AND, Now, this 6th day of February, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence.