Raymond McKeown, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 1, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Andrew Erba,* with him *Marjorie A. Janoski,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her ·Richard L. Cole, Jr., Chief Counsel, for respondent.

Opinion by Judge Rogers, April 2, 1982:

The claimant, Raymond McKeown, seeks reversal of an order of the Unemployment Compensation Board of Review denying him benefits as a voluntary quit pursuant to §402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The facts as found by the referee, following a hearing at which the claimant and his witnesses testified but which the employer did not attend, are as follows. The claimant was employed by a meat processing enterprise as a cook for about four months. On his last day of work he became involved in a dispute with his employer concerning working conditions. The claimant said that he was overworked and needed an assistant. The employer disagreed telling the claimant that he was able, and would be required to, perform his duties alone. The employer also told the claimant that if he was not satisfied with the requirements of his job, he could leave; whereupon the claimant left. The unemployment compensation referee concluded that the claimant had not met his burden of showing cause of a compelling and necessitous nature for leaving his employment and denied benefits. On appeal, the Board affirmed. We agree with the determinations below and therefore affirm the Board's order.

To prove good cause for leaving his employment because of the nature of his work duties the claimant must show not only that his working conditions have changed but also that the change was unreasonable. *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974). Mere dissatisfaction with one's working conditions is not compelling and necessitous cause for terminating one's employment. *Ferry v. Unemploy-*

ment Compensation Board of Review, 58 Pa. Commonwealth Ct. 154, 427 A.2d 716 (1981). The employer's evidence tended to show that the volume of the business was less during the month immediately preceding the claimant's leaving, that the claimant had less to do than before and that the claimant did not need an assistant. The Board found that the claimant was not overworked and that his duties were not onerous or unreasonable. Questions of credibility are within the province of the referee and the Board. *El v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 57, 432 A.2d 651 (1981). On this record we cannot say that the referee and the Board erred in concluding that the claimant did not demostrate a good cause for voluntarily terminating his employment.

The claimant renews arguments made below that he quit because his health and safety were endangered by working alone but he also testified to the effect that he could do the work alone but it took him too long and involved too much responsibility. It was not therefore a capricious disregard of competent evidence for the authorities to choose to believe that it was the work, not threat to his safety, which impelled the claimant's quit. *See Slayton v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981).

The cases of *Wilkes-Barre Transit Corp. v. Unemployment Compensation Board of Review*, 215 Pa. Superior Ct. 353, 257 A.2d 275 (1969), *affirmed*, 438 Pa. 554, 265 A.2d 519 (1970) and *Condominium Corp. of Pennsylvania, Green Tree Village v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 324, 398 A.2d 1122 (1979), which the appellant says are controlling, are not. It is true that both cases present the same issue as this; that is,

whether the claimants, one who quit because of, and the other who was discharged for, refusing to work because of assertedly hazardous or too strenuous working conditions were eligible for compensation; it is also true that the claimants prevailed. But in each case the claimant's version of the disputed facts was accepted by the compensation authorities. Here, the claimant's version of the disputed facts was rejected.

Order affirmed.

ORDER

AND Now, this 2nd day of April, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.