Anthony Yannone, Petitioner *v.* Commonwealth of Pennsylvania, Uemployment Compensation Board of Review, Respondent.

Submitted on briefs March 15, 1984, to Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Richard A. Cairo,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, April 16, 1984:

In this voluntary quit case,[1] Anthony Yannone, a former store manager demoted to mechanic by Midas Muffler, appeals from a denial of benefits by the Unemployment Compensation Board of Review.

Where, as here, the party with the burden of proof did not prevail below, we must decide if the board capriciously disregarded evidence or committed an error of law by finding that Mr. Yannone, after being relieved as a manager, accepted a new position and then quit without meeting his evidentiary burden of proving necessitous and compelling cause.[2]

Mr. Yannone worked for Midas as a store manager in the company's York facility for appproximately ten months. Before that, he had worked for Midas as a mechanic in Mechanicsburg.

On October 29, 1982, the company's owner and vice president, Duane Rausch, relieved Mr. Yannone of his managerial duties because of poor recordkeeping and excessively high telephone bills. The board also found that Mr. Rausch offered Mr. Yannone con-

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] *See Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448. 414 A.2d 757 (1980) (scope of review).

tinuing employment as a mechanic in Mechanicsburg, with a cut in salary of approximately $50 per week and that Mr. Yannone, considering this a fair offer, accepted the position. However, he never reported to work in the new job.

At the hearing, Mr. Yannone asserted that he did not report to Mechanicsburg on the advice of Midas' general manager, Ernest Natal, who allegedly told him that, if he took the job, Mr. Rausch would "make things rough for him." The board, however, found that the general manager neither made that statement nor gave Mr. Yannone that advice.

On appeal, Mr. Yannone contends that he never accepted the offer of a transfer to Mechanicsburg and that the new job did not constitute suitable work under *Unemployment Compensation Board of Review v. Franklin & Lindsey, Inc.*, 497 Pa. 2, 438 A.2d 590 (1981). We disagree.

Mr. Yannone's own testimony supports the board's finding of an accepted offer, as follows:

Q. Were you prepared to take that position as a mechanic?

A. Yes, I told them.

Q. Were you planning to report for work?

A. Yes.

. . . .

Q. So, is it correct to say that the reason you did not report to work the following day was because you were afraid you were going to be harassed or the job was going to be made difficult?

A. Right.

Q. Is that the only reason?

A. Well, also, they did say that I was going to be changed back to a mechanic'c salary, *but*

*I did accept that position.* I told them I would report.

Q. So, it wasn't the pay. It was the fact that the job was supposedly going to be made more difficult.

A. Right. (Emphasis added.)

When an employee accepts a position which he later quits, he admits the initial suitability of the wages and conditions of the position. *Hazzard v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 620, 413 A.2d 478 (1980). To overcome that presumption and show entitlement to benefits, the employee must demonstrate that changes in the job conditions or deception by the employer made him unaware, when he entered the employment relation, of conditions which he later alleges to be onerous. *Id.* Here, Mr. Yannone did not meet that burden. Rather, he stayed away because of an alleged threat which the referee and board did not find credible. *See Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974) (questions of credibility and resolutions of conflict in testimony are for factfinder and not reviewing court).

Mr. Yannone cites *Franklin & Lindsey* for the proposition that, even if he accepted the position, the board erred by failing to determine if the offer of a mechanic's job constituted unsuitable work. *Franklin & Lindsey* is distinguishable on its facts because, in that case, the employee, a draftsperson-surveyor, never accepted her employer's offer of purely secretarial work and therefore never was required initially to overcome the presumption of suitability under *Hazzard,* which Mr. Yannone failed to overcome here.

Accordingly, we affirm.

ORDER

Now, April 16, 1984, the order of the Pennsylvania Unemployment Compensation Board of Review, decision No. B-215388, dated March 1, 1983, is affirmed.