**Thomas D. STOUT, Claimant-Appellant,**

v.

**PIEDMONT WHOLESALE GROCERY,
Employer-Respondent.**

No. 15005.

Missouri Court of Appeals,
Southern District,
Division One.

April 27, 1987.

Winston Buford, Eminence, Milton B. Garber, Fulton, for claimant-appellant.

Joseph P. Fuchs, Sikeston, for employer-respondent.

GREENE, Presiding Judge.

This is an appeal from the decision of an administrative law judge denying workers' compensation benefits to Thomas D. Stout.

Stout claimed that he suffered emotional distress and damage as a result of an incident which occurred the evening of April 22, 1983. Stout, who was assistant store

manager of Piedmont Wholesale Grocery, d/b/a Ward's Food Mart in Piedmont, Missouri, claimed that as he was closing the store, he was accosted by a masked gunman who forced Stout, at gunpoint, to turn over the store's receipts which amounted to approximately $34,000. No trace of the robber or money was ever found. Stout was suspected of stealing the money, and flunked two polygraph examinations regarding the episode. Stout was fired, and criminally charged with stealing the money but was acquitted.

In November of 1984, Stout filed a claim for workers' compensation benefits, alleging damage to his nervous system by reason of mental suffering caused by his claimed ordeal. At the hearing before the administrative law judge, one of Stout's witnesses, Dr. Ralph H. Eisaman, a psychiatrist that Stout saw for the first time in November of 1984, testified, by deposition, that Stout suffered "acute post-traumatic distress disorder and major depression with melancholia" causing a condition of total disability, and that Stout needed 100 hours of psychiatric treatment over a two-year period in order to cure his mental illness.

The administrative law judge gave Stout the benefit of doubt, and found that the incident of April 22, 1983, did happen, but further found that Stout was not entitled to disability benefits since Stout's own testimony at the hearing established that he had not suffered any disability as the result of the incident in question, since he had applied for unemployment compensation benefits shortly after he was fired, in which application Stout certified he had no disabilities preventing him from working and, also, that Stout had been continuously employed since June of 1983, with no claim of disability, and was a police officer with the Ellington, Missouri Police Department at the time of the hearing.

After an application for review was filed, the Labor and Industrial Relations Commission (commission) affirmed the decision of the administrative law judge, stating it was supported by competent and substantial evidence.

On appeal, Stout's contention is that the commission erred in disregarding the testimony of Dr. Eisaman without making a specific finding that Eisaman's testimony was not credible.

While it is true that an administrative agency may not arbitrarily ignore the testimony of an *uncontradicted* witness, unless the agency makes a specific finding that the evidence is not credible, *Stevison v. Labor & Indus. Rel. Com'n of Mo.*, 654 S.W.2d 373, 374–75 (Mo.App.1983), Dr. Eisaman's testimony to the effect that Stout was disabled because of his traumatic neurosis, was contradicted by Stout himself, who testified that he never sought medical treatment of any kind or nature after the April incident, did not make any complaint to his former employer, that he found employment soon after he was fired, and that he was getting along fine in his present job as a police officer, and had no complaints. Stout's own competent testimony refuted that of the doctor, and was substantial evidence that he suffered no disability, temporary or permanent, as a result of the claimed robbery. This being so, the commission's order denying benefits to Stout should be, and is, affirmed. *Tibbs v. Rowe Furniture Corp.*, 691 S.W.2d 410, 411 (Mo. App.1985).

CROW, C.J., and FLANIGAN, J., concur.