IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clint B. Kephart,                          :
                    Petitioner             :
                                           :
        v.                                 :
                                           :
Unemployment Compensation                  :
Board of Review,                           :    No. 1176 C.D. 2022
                    Respondent             :    Submitted:  October 10, 2023


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: December 15, 2023


        Clint B. Kephart (Claimant), *pro se*, petitions for review of the July 29,
2022 order of the Unemployment Compensation Board of Review (Board) affirming
the unemployment compensation appeals referee's (referee) denial of
unemployment compensation benefits (benefits) under Section 402(b) of the
Unemployment Compensation Law (Law),[1] 43 P.S. § 802(b)).[2]  Upon review, we
affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§ 802(b).

[2] Pursuant to Section 402(b) of the Law, "[a]n employe shall be ineligible for compensation
for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause
of a necessitous and compelling nature . . . ."  43 P.S. § 802(b).

# I. Background

In August 2001, Claimant began working for Fahrney Bus Company (Employer), which provides bus service to a school district. Certified Record (C.R.) at 131. On August 22, 2021, Claimant resigned as bus manager, but agreed to remain in Employer's employ as a bus driver. *Id.* At the time, federal and state agencies and the local school district mandated the use of masks by school bus drivers and students. C.R. at 131. Claimant wore a "face covering"[3] while working for Employer during the 2020-2021 school year but refused to do so the following school year. *Id.* at 132. Claimant provided Employer a doctor's note stating that he was "intolerant to wearing a surgical mask due to [a] medical issue" and requesting permission to wear a "modified face covering," such as "masking mouth with face shield." *Id.* at 113. Employer acquiesced to Claimant's request.[4] *Id.* at 131. However, Claimant thereafter refused to adhere to this accommodation, asserting it was incompatible with the sunglasses necessitated by a prior eye injury. *Id.* at 132.[5] On September 2, 2021, the school district related to Employer that Claimant was not wearing a mask, and Employer informed Claimant the same day that he would not

---

[3] Claimant testified that he wore a face mask during the 2020-2021 school year. C.R. at 109.

[4] The doctor's note provided by Claimant to Employer stated that the "[p]atient is intolerant to wearing a surgical mask due to [a] medical issue. Please allow [him] to wear a modified face covering (ex: masking mouth with face shield)." C.R. at 113.

[5] Employer stated in the Basic Claim Information form that Claimant "indicated that [he] was not going to wear a mask, period!" C.R. at 9.

be permitted to drive a school bus without also wearing a "face covering."[6] C.R. at 104 & 131. September 2, 2021 was Claimant's last day of work for Employer.[7] *Id.*

The Pennsylvania Department of Labor & Industry, Office of Unemployment Compensation Benefits (Department), denied Claimant benefits on the basis that he "left [his] employment because of personal or other reasons," concluding that Claimant's "separation from employment was not warranted" and that Claimant "did not exhaust all alternatives prior to quitting [his] job." C.R. at 61 (citing Section 402(b) of the Law, 43 P.S. § 802(b)). Claimant appealed the denial, asserting that he "wrongfully lost [his] job." *Id.* at 72.

In May 2022, the referee conducted a telephonic hearing in which both Claimant and Employer participated. *See* C.R. at 94 & 131. The following day, the referee affirmed the Department's denial of benefits under Section 402(b) of the Law, 43 P.S. § 802(b). *See* C.R. at 131-34. Highlighting Employer's instruction that Claimant would not be permitted to drive without wearing a face covering, the referee determined that Claimant "chose" to disregard Employer's requirement and that continuing work would have been available in the event of Claimant's compliance. *Id.* at 132. The referee further noted that Claimant obeyed the mask mandate during the 2020-2021 school year. *Id.* Moreover, the referee pointed out that the doctor's note submitted by Claimant to Employer stated that Claimant was able to wear a face shield. *Id.* The referee also underscored the fact that "[C]laimant did not attempt an alternative face covering such as a face shield prior to leaving his

---

[6] Claimant acknowledged in his benefits questionnaire that he "[w]as told that [he was] not allowed to operate [a] school bus without a mask." C.R. at 22.

[7] The record does not indicate whether Claimant did not return or tried to return without a mask and was sent home. In either case, our analysis and conclusion are the same.

3

employment."[8]  Accordingly, the referee concluded that Claimant voluntarily quit absent necessitous and compelling cause.[9]  *Id.*

---

[8] The Basic Claim Information Form contains the following statement from Employer:

> [T]he school district we contract with along with the [Pennsylvania] Department of Health require face coverings while driving a school bus.  For [i]ndividuals who provide a doctor's note, reasonable accommodations would be made.  Suggested accommodations from wearing a face covering while students are present are as follows: All drivers are expected to wear the face covering properly . . . while students are loading and unloading (walking by the driver).  While driving the employee could lower the face covering below the nose.  If necessary, the next level of accommodation would be below the mouth with the expectations that while students are loading and unloading they pull the face covering back up.  A face shield was also suggested as a possible accommodation.  This individual provided a doctor's note dated 9/3/2020 which . . . suggested a modified face covering (mask over mouth with a face shield).

C.R. at 8-9.  Employer subsequently testified that "there [was] no accommodation available for someone who flat out refuse[d] to wear the mask."  *Id.* at 104.

Claimant testified that "most of the time" he wore a mask during the 2020-2021 school year it covered only his chin, and that although he attempted to pull the mask up whenever children walked by, "it created such mental anguish[ that he] felt . . . unsafe driving."  C.R. at 109.  Claimant further testified that he was "diagnosed with [post-traumatic stress disorder], and it caused extreme emotional stress for [him] to wear [a] mask."  C.R. at 106.  Thus, Claimant maintained that he was "unable to wear a mask."  *Id.* at 107. We note, however, that the doctor's note provided by Claimant to Employer requested masking his mouth while wearing a face shield.  *Id.* at 113.

[9] The referee further stated that "[e]ven if [she] considered . . . Section 402(e) of the Law, the outcome would not change and [] [C]laimant would be ineligible under [that provision] as well."  C.R. at 132 (citing 43 P.S. § 802(e) (providing that [a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work")).

4

Claimant appealed to the Board, which affirmed by order dated July 29, 2022.[10] *See* C.R. at 141-42 & 150. The Board adopted and incorporated the referee's findings and conclusions, and further found that "[C]laimant voluntarily left his employment because he disagreed with . . . [E]mployer's policy and refused to wear a face shield at work." *Id.* at 150. The Board also denied Claimant's request for a remand hearing to offer additional evidence, determining that "the parties had the opportunity for a full and fair hearing," that "[t]he record [was] sufficiently complete to enable the Board to reach its decision" and that "[C]laimant ha[d] not advanced a legally sufficient reason for the granting of a remand hearing." *Id.* at 150-51.

## II. Issues

Before this Court,[11] Claimant argues that the Board erred in affirming the denial of benefits. *See* Claimant's Br. at 12-14. Claimant contends that the "evidence was not weighed evenly" and, further, that he is "[n]ot sure all evidence was even looked at[.]" *Id.* at 12. Claimant asserts that his "initial application for

---

[10] Claimant stated the following in his appeal form:

> I wish to submit further evidence[] that even though there was a doctor's note[] giving an 'example' of an accommodation, that does not necessarily mean that WAS the accommodation. As well as[] when I had the phone call with Richard Linder, [Employer's President and Chief Executive Officer,] he did not offer a conversation about any other options available, including accommodations that he offered other drivers in his employ.

C.R. at 24 & 141-42.

[11] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

benefits . . . wasn't reviewed upon appeal, which specified more reasons than just a mask" for "stepp[ing] down." *Id.* Claimant also maintains that he complained in his application for benefits that Employer was short staffed, which created "immense pressure and duress." *Id.* Further, Claimant contends that "[o]nce [his] wife's job was at issue," it made him "just want to give up." *Id.*

Moreover, Claimant contends that "[E]mployer came before Labor[ &] Industry[ and] created false documents, along with false testimony." Claimant's Br. at 12 (citing Transcript of Testimony, 5/16/22 at 7-17). Claimant also contends that his request for the opportunity to provide "rebuttal testimony from [first-hand] witnesses" at a remand hearing was denied.[12] *Id.* Thus, Claimant maintains that the Board erred by "not reviewing the [t]ranscript and allowing a [r]emand [h]earing, so a proper order/decision could be reached." *Id.* Further, Claimant alleges that a conversation with Employer regarding "suggested options for masks . . . never took place." *Id.* Claimant also contends that "if [he] had been offered a 'reasonable accommodation' per Title 7, Section 12,[13] that would have addressed [his] eye injury and breathing issues, [he] would have absolutely been willing to try a chin shield."[14]

---

[12] Claimant alleges in the "Summary Argument" portion of this brief that he "requested a remand hearing . . . to present witnesses that know the truth," as "these options were not [available]." Claimant's Br. at 11. Claimant further asserts that "[w]hen he became aware of possible testimony those witnesses were intimidated and they became fearful for their jobs, because they saw [him] and [his] wife lose [their] jobs." Claimant's Br. at 11.

[13] Claimant presumably cites Title VII of the United States Code, but it is unclear what specific provision he means to cite.

[14] In the portion of his appellate brief titled "Summary Argument (Pa[.]R.A.P. 2118)," Claimant alleges he informed Employer that he could not wear a mask or full face shield "due to glare on injured eye." Claimant's Br. at 9. Claimant maintains that "[i]f [Employer] was truly offering all these options, the chin shield (forbidden) would have saved [his] job, as [he] could wear sunglasses and have the ability to breathe." Claimant's Br. at 11. Claimant fails to specify

6

Claimant's Br. at 13. Claimant insists that "[he] was never offered these 'reasonable accommodations,'" and that "[i]t is incumbent on [] [E]mployer to have these discussions with well[-]qualified employees." *Id.*

Accordingly, Claimant requests that the Court "overturn[]" this case due to "duress and falsification of evidence and testimony by [E]mployer." *Id.* at 14. Alternatively, Claimant asks this Court to remand the matter for a hearing to permit "an impartial [j]udge [to] allow witnesses and decide this case fairly based upon the preponderance of the evidence."[15] *Id.*

The Board counters that Claimant voluntarily quit to avoid compliance with Employer's face-covering requirement. *See* Board's Br. at 11-12 (citing *Greenray Indus. v. Unemployment Comp. Bd. of Rev.*, 135 A.3d 1140 (Pa. Cmwlth. 2016)). The Board maintains that Claimant's purported inability to wear a face covering did not constitute necessitous and compelling cause to separate from Employer, highlighting Employer's approval of Claimant's doctor's note requesting use of a face shield as an alternative to the mask requirement. *See id.* at 12-15. Further, the Board asserts that it did not err in denying Claimant's request for a remand hearing, as the parties had the opportunity for a full and fair hearing. *Id.* at 17-19.

---

the difference between a chin shield and a face shield; presumably, a chin shield is shorter than a face shield.

[15] Confusingly, Claimant requested that "a [r]emand [h]earing with witnesses be scheduled *before this Commonwealth Court*." Claimant's Br. at 14 (emphasis added).

7

## III. Discussion

We agree that the Board did not err in affirming the denial of benefits on the basis that Claimant lacked necessitous and compelling cause to quit.[16] The Board adopted the referee's findings that Employer informed Claimant he would be unable to drive a bus without wearing a face covering and that Claimant refused to comply. C.R. at 131-32. The Board further found that "[C]laimant voluntarily left his employment because he disagreed with [] [E]mployer's policy and refused to wear a face shield at work." *Id.* at 150.[17] Claimant failed to challenge these factual

---

[16] "A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Rev.*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012); *see* 43 P.S. § 802(b). An employee who claims to have left his employ for a necessitous and compelling reason must prove:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve [his] employment.

*Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Comp. Bd. of Rev.*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

[17] Richard Linder testified as follows:

> [On September 2, 2021,] I received information from the school district, involving . . . [Claimant] . . . supposedly not wearing a mask while . . . driving. At that point, I made the point to talk to [him], and that's when [he] informed me that, no, [he was] not wearing a mask. And I went through the whole litany of what's expected. That you have to do this, and there's accommodations available to [him], and [he] still said [he] would not wear the mask. And at that point I just made the statement that, well, until you are prepared to wear the mask, you can't drive. . . . [Claimant] just didn't want to wear one.

8

findings; thus, "they are conclusive on appeal." *Gibson v. Unemployment Comp. Bd. of Rev.*, 760 A.2d 492, 494 (Pa. Cmwlth. 2000); *see also* Claimant's Br. at 12 (conceding that he "stepped down" from employment).

This Court has held that "[m]ere dissatisfaction with one's working conditions is not a necessitous and compelling reason for terminating one's employment." *Spadaro v. Unemployment Comp. Bd. of Rev.*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004) (citing *McKeown v. Unemployment Comp. Bd. of Rev.*, 442 A.2d 1257 (Pa. Cmwlth. 1982)); *see also Creason v. Unemployment Comp. Bd. of Rev.*, 554 A.2d 177, 179 (Pa. Cmwlth. 1989) ("It is well settled that a disagreement with employer policy . . . do[es] not constitute necessitous and compelling reasons for voluntarily terminating employment."). Moreover, despite testifying that he discussed his medical exemption with Employer "many times,"[18] the referee found that Claimant nevertheless failed to demonstrate that he exhausted all alternatives prior to quitting. *See* C.R. 106; *Porco v. Unemployment Comp. Bd. of Rev.*, 828 A.2d 426, 428 (Pa. Cmwlth. 2003) (explaining that a claimant must establish that he first "exhausted all alternatives in order to preserve the employment relationship" in order to demonstrate necessitous and compelling cause justifying a voluntary quit).

Accordingly, we agree with the Board that Claimant's desire to avoid compliance with Employer's directive that employees wear a face covering while driving a school bus did not constitute a necessitous and compelling reason to voluntarily quit. *Cf. Greenray Indus.*, 135 A.3d at 1142-46 (holding that claimants' refusal to sign a nondisclosure agreement following employer's ultimatum that

---

C.R. at 104.

[18] As stated above, however, Claimant inconsistently asserted in his brief that a discussion regarding "options for masks . . . never took place[.]" Claimant's Br. at 12.

9

continued employment was contingent upon signing did not constitute necessitous and compelling cause to resign, where "[t]he [a]greement that [the c]laimant[s] w[ere] required to sign was not a substantial unilateral change in the conditions of [their] employment that would have placed real and substantial pressures on a reasonable person in [their] circumstances to quit," noting that the [a]greement did not change [the c]laimant[s'] rate of pay, nor did it change [their] job responsibilities"); *Shrum v. Unemployment Comp. Bd. of Rev.*, 690 A.2d 796, 798 (Pa. Cmwlth. 1997) (affirming the Board's denial of benefits on the basis that claimant lacked necessitous and compelling cause to quit, where claimant refused to comply with employer's requirement to sign confidentiality agreement); *Fayette Cnty. v. Unemployment Comp. Bd. of Rev.*, 479 A.2d 1153, 1155 (Pa. Cmwlth. 1984), *aff'd sub nom. Snyder v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 1232 (Pa. 1985) (holding that a claimant lacked necessitous and compelling cause to voluntarily quit her employment, where she rejected her employer's ultimatum to refrain from seeking public office in order to maintain employment, reasoning that "[h]er resignation was a deliberate rejection of the employment conditions that proscribed her candidacy").

## IV. Conclusion

For the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge McCullough concurs in the result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clint B. Kephart,                           :
                    Petitioner              :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :        No. 1176 C.D. 2022
                    Respondent              :

O R D E R

AND NOW, this 15th day of December, 2023, the July 29, 2022 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge